Dear Mr. Taylor:
This is in response to your request for reconsideration of Atty. Gen. Op. Nos. 96-218(B) which found violation of dual officeholding by holding the elected position of Constable and appointed position of Fire Chief in light of the fact that your position has been designated as "Chief Fireman" of North Bienville Parish Fire Protection District rather than as originally designated "Fire Chief". You state that you would like to continue to serve in the elected position of Constable of Wards 1 and 2 and with the North Bienville Fire District. The Chairman of the Board of Commissioners of the Fire Protection District states as follows:
 Please be advised that William Curt Taylor is the only paid fireman or firefighter of the North Bienville Parish Fire Protection District. He is considered an employee by the district even though the district hired him with the designation of "Fire Chief". He is employed on the basis of a forty (40) hour work week and has no supervision or control over the volunteer firemen who volunteer their services on an "as needed basis". In order to clarify any questions concerning this, the North Bienville Fire Protection District has redesignated his position as an employee as "Chief Fireman" of North Bienville Parish Fire Protection District.
In earlier opinions issued on this subject to you it has been our attempt to point out that dual officeholding prohibits a person holding an elective office from holding at the same time a full-time appointive office in the government of this state or of a political subdivision thereof. It makes no difference what the position is titled but by whom the person is selected, and under what authority the selection is made. The question is if the position is one of employment or appointment as definedby law, and cannot be determined simply because he is considered "employed".
As previously stated R.S. 42:62(2) provides in pertinent part as follows:
 "Appointive office" means any office * * * or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or authorized by * * * the laws of this state or by the charter or ordinances of any political subdivision thereof and which is filed by appointment * * * by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof.
With this statute in mind, we recognize that the fire protection district is provided for by law, R.S. 40:1492, and the District made its selection in accordance with its regulations for the position formerly designated "Fire Chief"and now termed "Chief Fireman". Thus, the position is filled by the selection made in a Fire Protection District, being a political subdivision, by a Board composed of appointed public officials of the police jury of the parish as provided for under state statute. In Atty. Gen Op. No. 92-61, with regard to serving as alderman and fire chief, this office stated, "Therefore, the position is one filed by appointment by `an elected or appointed public official or by a governmental body composed of such officials'." Thus, it was found under the law that this position is an appointment. Whether a position is appointive or employment is determined by the authority exercised in making the selection. When the selection is by public officials whose positions are created by law of the state, ordinance or charter for a position likewise provided by such a provision, it is an "appointive office".
In connection with your inquiry, we find it pertinent to point out that this office has rendered numerous opinions that conclude that a civil service system is required for a fire protection district with a regularly paid fire department, Atty., Gen. Op. Nos. 95-73, 94-441, 93-728(A), 93-354, even if there is only one paid fire fighter. In Atty., Gen. Op. 94-441 this office stated as follows:
 In Atty. Gen. Opinion No. 93-728(A) this office reconsidered Atty. Gen. Op. No. 93-728 and concluded by the use of the word "shall" in Art. X, Sec. 16 of the Constitution of 1974, a fire and police civil service system is mandatory for a "fire protection district operating a regularly paid fire department". It was further observed for the definition of a "regularly paid fire department" the conclusion of 93-728 was recalled which did not find paying one full-time fire fighter to augment and coordinate volunteers constituted operating a "regularly paid fire department". Instead, under the doctrine of contemporaneous construction, this office deferred to the interpretation of the State Examiner as to the requirement for civil service for a regularly paid State Examiner as to the requirement for civil service for a regularly paid fire department to include where there is only one or two full time employees.
We hope this opinion sufficiently explains what constitutes appointment by a fire protection district as distinguished from employment, and that the title given to the position is not the determining factor, but that authority for such selection. If you do not feel the opinions properly answer your requests, we would suggest you seek a declaratory judgment on the issue to clarify the matter of whether you are an appointee or employee.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
By: ___________________________ BARBARA B. RUTLEDGE Assistant Attorney General BBR
Date Received: February 4, 1998 Date Released:
BARBARA B. RUTLEDGE Assistant Attorney General